08-5168-ag
Chen v. Holder

BIA
Opaciuch, IJ
A097 478 705
A097 478 706

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of July, two thousand ten.

PRESENT:
>     ROBERT D. SACK,
>     REENA RAGGI,
>     GERARD E. LYNCH,
>           *Circuit Judges.*

─────────────────────────────────

XIU MEI CHEN, JI YAN XIAO,
>     *Petitioners*,

>           v.                                    08-5168-ag
>                                                 NAC

ERIC H. HOLDER, JR.,[1] U.S. ATTORNEY
GENERAL,
>     *Respondent.*

─────────────────────────────────

───────────────

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

FOR PETITIONERS:           Xiu Mei Chen, *pro se*, New York, New York.

FOR RESPONDENT:            Tony West, Assistant Attorney General, Richard M. Evans, Assistant Director, Kevin J. Conway, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners, Xiu Mei Chen and Ji Yan Xiao,[2] both natives and citizens of China, seek review of the September 30, 2008 order of the BIA, affirming the January 21, 2005 decision of Immigration Judge ("IJ") Adam Opaciuch, denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiu Mei Chen and Ji Yan Xiao*, Nos. A097 478 705/706 (BIA Sept. 30, 2008), *aff'g* Nos. A097 478 705/706 (Immig. Ct. N.Y. City Jan. 21, 2005). We assume the parties' familiarity with the underlying facts and procedural history

---

[2] Xiu Mei Chen's asylum application included her husband, Ji Yan Xiao, as a derivative applicant. The BIA's decision primarily discussed Chen's eligibility for asylum and related relief. Therefore, for the sake of clarity, this order refers only to Chen throughout.

2

in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).

## A.   Past Persecution

Chen does not contend, nor could she, that mandatory use of an intrauterine device ("IUD"), by itself, constituted past persecution. *See Xia Fan Huang v. Holder*, 591 F.3d 124, 129-30 (2d Cir. 2010). Rather, Chen submits that the agency erred in failing to address her claim that her removal of her IUD and failure to attend mandatory gynecological examinations constituted resistance to China's coercive population control policy. In *Matter of M-F-W- & L-G-*, 24 I. & N. Dec. 633, 638 (BIA 2008), decided after Chen's administrative appeal was dismissed, the BIA clarified that "other resistance to a coercive population control program," 8 U.S.C. § 1101(a)(42), includes such conduct. Remand is not warranted here, however, because the

3

agency correctly determined that Chen failed to demonstrate that she suffered any punishment for such resistance, much less punishment both rising to the level of persecution and on account of her resistance. *See Matter of M-F-W- & L-G-*, 24 I. & N. Dec. at 639-43; *see generally Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 335 (2d Cir. 2006) (declining to remand when "we can state with confidence that the same decision would be made if we were to remand"). Nor does the record compel the conclusion that the insertion of Chen's IUD was accompanied by "aggravating circumstances" rising to the level of persecution. *Matter of M-F-W- & L-G-*, 24 I. & N. Dec. at 642. Accordingly, substantial evidence supports the agency's determination that Chen failed to demonstrate that she suffered past persecution and was, therefore, not entitled to the presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1).

**B. Well-Founded Fear of Future Persecution**

Chen argues that the agency erred in concluding that she failed to establish a well-founded fear of future persecution based on the birth of her two children -- the first in China and the second in the United States -- in

4

violation of China's population control policy.  Contrary to Chen's argument, the record does not suggest that the agency ignored any material evidence that she submitted in support of her application for relief.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) ("[W]e do not demand that the BIA expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." (internal quotation marks omitted)); *Xiao Ji Chen*, 471 F.3d at 336-37 n.17 (presuming that agency considered all evidence before it).

Nor are we persuaded by Chen's argument that the agency placed "excessive reliance" on the U.S. Department of State's 2007 Country Conditions Profile.  Pet'r's Br. at 13 (internal quotation marks omitted).  We generally defer to the agency's evaluation of documentary evidence, *see Xiao Ji Chen*, 471 F.3d at 341-42, and we have observed that U.S. State Department reports are ordinarily probative, *see Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006); *see also Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 213 (BIA 2010) ("State Department reports ... are highly probative evidence and are usually the best source of information on conditions in foreign nations.").

5

Accordingly, the agency properly denied Chen's application for asylum. Because Chen was unable to establish the requisite well-founded fear for asylum, she necessarily failed to meet the higher standard required for withholding of removal and CAT relief. *See Kyaw Zwar Tun v. INS*, 445 F.3d 554, 567 (2d Cir. 2006); *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk